## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 27 2017, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Alan D. Wilson<br>Kokomo, Indiana | Katherine J. Noel<br>Jacob D. Winkler<br>Noel Law<br>Kokomo, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Karen Criswell,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Kenneth Criswell,<br>*Appellee-Respondent.* | February 27, 2017<br><br>Court of Appeals Case No. 34A05-1604-DR-924<br><br>Appeal from the Howard Superior Court<br><br>The Honorable Brant J. Parry, Judge<br><br>Trial Court Cause No. 34D02-1404-DR-293 |

**Najam, Judge.**

## Statement of the Case

[1] Karen Criswell ("Wife") appeals the dissolution court's decree of dissolution of her marriage to Kenneth Criswell ("Husband"). Wife raises a single issue on

appeal, and Husband raises a single issue on cross-appeal. We address those issues as follows:

1.  Whether the dissolution court erred when it found a 1962 Chevrolet Corvette ("the Corvette") to be a marital asset.

2.  Whether the court erred when it valued the Corvette at $22,000.

We affirm.

## Facts and Procedural History

On April 9, 2014, Wife filed her petition for the dissolution of her marriage to Husband after nearly twenty-eight years of marriage. On January 13, 2016, the dissolution court held an evidentiary hearing on the petition. At that hearing, Wife testified that the Corvette was a marital asset that she believed to be worth $40,000. Wife did not specify a basis for her belief that the value was an accurate value.

Husband also testified at the hearing. According to Husband, he had traded the Corvette to a friend, to whom Husband owed $22,000, in exchange for having that debt forgiven. Despite trading the vehicle, however, Husband acknowledged that he kept possession of it, continued to pay insurance on it, and took it, along with Wife, to car shows.

After the hearing, the court entered its dissolution decree. Among other things, the court found the Corvette to be a marital asset worth $22,000. This appeal ensued.

# Discussion and Decision

## *Standard of Review*

Husband argues on appeal that the dissolution court erred when it found the Corvette to be a marital asset, and Wife contends that the court erred when it valued the Corvette at $22,000. The parties' arguments follow the court's decree of dissolution, in which the court entered findings of fact and conclusions thereon after an evidentiary hearing. In such appeals, "the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). In reviewing findings of fact and conclusions thereon, an appellate court applies "a two-tiered standard of review by first determining whether the evidence supports the findings and then whether the findings support the judgment." *Weigel v. Weigel*, 24 N.E.3d 1007, 1010 (Ind. Ct. App. 2015). In evaluating whether the findings support the judgment, we will reverse "only upon a showing of 'clear error'—that which leaves us with a definite and firm conviction that a mistake has been made." *Egly v. Blackford Cty. Dep't of Pub. Welfare*, 592 N.E.2d 1232, 1235 (Ind. 1992).

### Issue One: Whether the Corvette is a Marital Asset

[7] We first address Husband's argument on cross-appeal that the dissolution court erred when it found the Corvette to be a marital asset. We hold that the dissolution court's finding on this issue is supported by the evidence. The undisputed evidence shows that Husband and Wife had possession of the Corvette, paid insurance on it, and took it to car shows. That evidence is sufficient to support the dissolution court's finding that the Corvette was a marital asset, and Husband's argument to the contrary on appeal simply requests this court to reweigh the evidence, which we will not do.

### Issue Two: The Value of the Corvette

[8] We thus turn to Wife's issue on appeal, namely, whether the dissolution court erred when it valued the Corvette at $22,000 rather than $40,000. We again hold that the dissolution court's finding is supported by the evidence. Although Wife testified that she believed the Corvette to have been worth $40,000, Husband testified that he thought the Corvette had a fair market value of $22,000. Accordingly, the dissolution court's finding that the Corvette had a value of $22,000 is supported by the evidence, and Wife's argument on appeal, like Husband's argument on cross-appeal, seeks to have this court reweigh the evidence. We will not. We affirm the judgment of the dissolution court.

[9] Affirmed.

Bailey, J., and May, J., concur.